Law Library

## IN THE SUPERIOR COURT
## OF GUAM

PETER G. OPENA )  Civil Case no. CV0738-12
                          )
                  Plaintiff, )
                          )
vs.                       )  **DECISION AND ORDER**
                          )
KUMIKO ABE, WATABE GUAM, INC., )
AND DOE INSURANCE COMPANIES 1 )
THROUGH 5,                )
                          )
                  Defendants. )
                          )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo April 10, 2013, on Defendant Kumiko Abe's Motion to Compel Production of Documents. Defendant was represented by attorney Tim Roberts. Plaintiff was represented by attorney Jeffrey A. Cook. After considering the matters presented, the Court now issues the following decision and order granting in part Defendant's request to compel.

## BACKGROUND

On February 22, 2013, Defendant filed a paper requesting the Court to enter an order compelling the production of discovery documents. In support of this motion Defendant refers to a February 20, 2013 stipulation and asserts that Plaintiff has failed to file a response to her November 9, 2012 Second Request for the Production of Documents. She asserts that she has certified that she has in good faith conferred or attempted to confer with Plaintiff to secure the information and that Plaintiff has not provided it.

Plaintiff filed his papers in opposition on March 27, 2013. In his papers Plaintiff argues and asserts that he has yet to comply with the request because the documents are not in his direct possession or control and are outside of his financial ability to obtain. He argues that

because the requested documents are medical records dating back to 1978 and equally available to Defendant upon his providing Defendant an adequate medical release paper, that the should Court allow the Plaintiff's provision of a release paper to be sufficient.

Defendant filed a reply to Plaintiff's opposition on April 1, 2013. In it Defendant requests and argues that the Court not consider Plaintiff's reply because he failed to file a timely objection to the request. He further argues, citing to a 2009 U.S. Federal District of Connecticut case that Plaintiff should be required to produce the documents because Plaintiff as the patient has control over all his medical records, whether or not they are in his actual possession. Reply at 2, citing, *Safeco Insurance Co. of America v. Vecesy*, 259 F.R.D. 23, 28-29 (D. Conn. 2009).

## DISCUSSION

Rule 37 of the Guam Rules of Civil Procedure regulates a court's ability to grant to compel discovery and award sanctions. Guam R. Civ. P. 37. In this case Plaintiff concedes that he has failed to respond to Defendant's request. A review of the record further reveals that he failed to file an objection to the request. It not disputed that the documents requested are not in the Plaintiff's possession. It is further not disputed that upon the Plaintiff's providing Defendant with the appropriate release papers these documents can be as much in the Defendant's control as they are currently within the Plaintiff's. Subpart (b)(2) of Rule 26 of the Guam Rule of Civil Procedure provides,

> the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity by discovery in

the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Id.* at 26(b)(2). Considering the age of the papers requested and the facts and circumstances of this case the Court finds that subpart (b)(2)(ii) applies to Defendant's request.

## CONCLUSION

For the reasons set forth above Defendant's motion to compel is granted in part. Plaintiff is hereby ordered to, within the next 30 days, produce the documents requested in Defendant's November 9, 2013 Request for Production of Documents or provide an adequate release paper or other assistance which will enable Defendant to obtain the requested documents.

SO ORDERED, this 21 day of August 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

AUG 2 1 2013

Deputy Clerk, Superior Court of Guam